## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS COVIELLO, | : | |
| Plaintiff, | : | No. 1:15-cv-01812 |
| | : | |
| v. | : | (Judge Kane) |
| | : | (Chief Magistrate Judge Schwab) |
| | : | |
| THE BERKLEY PUBLISHING | : | |
| GROUP, et al., | : | |
| Defendants | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is Magistrate Judge Schwab's January 19, 2017 Report and Recommendation (Doc. No. 106), recommending that the Court grant Defendants' motion to dismiss, or in the alternative, for summary judgment (Doc. No. 33). Specifically, Magistrate Judge Schwab recommends: (1) dismissing Plaintiff's claims brought under 42 U.S.C. § 1983 for failure to sufficiently allege facts to support a plausible inference that the private actors named as Defendants conspired with the state through concerted action as required to maintain a Section 1983 action against non-state actors; and (2) dismissing Plaintiff's pendent state law claims on the basis that such claims are barred by the applicable statute of limitations. (Doc. No. 106.)

Plaintiff has filed lengthy objections to Magistrate Judge Schwab's Report and Recommendation, wherein he contests, inter alia, that Magistrate Judge Schwab: (1) arbitrarily denied in part his motion under Federal Rule of Civil Procedure 56(d) to conduct discovery to oppose Defendants' alternatively-styled dispositive motion by limiting the scope of Plaintiff's discovery requests; (2) failed to afford Plaintiff additional time to file a sur-reply to Defendants' dispositive motion; (3) improperly concluded that Plaintiff failed to allege facts to support a reasonable inference that Defendants engaged in a conspiracy with state actors to violate

1

Plaintiff's constitutional rights; (4) misapplied Pennsylvania's single publication rule, codified at

42 P.C.S.A. § 8341(b), when calculating the statute of limitations; (5) mistakenly determined

that the discovery rule is inapplicable to mass-media defamation cases; and (6) incorrectly found

that the fraudulent concealment doctrine does not toll the statute of limitations for Plaintiff's

state law claims. (Doc. Nos. 111-14.)

Having considered these objections, this Court finds that Magistrate Judge Schwab

correctly and comprehensively addressed the substance of Plaintiff's objections in the Report and

Recommendation itself. Accordingly, the Court will not write separately to address Plaintiff's

objections, except as noted in the margin.[1]

**ACCORDINGLY**, on this 6th day of March 2017, upon review of the record and the

applicable law, **IT IS HEREBY ORDERED THAT**:

1. The Court adopts the Report and Recommendation (Doc. No. 106), of Magistrate Judge Schwab;

2. The Defendants' motion to dismiss, or in the alternative, for summary judgment (Doc. No. 33), is **GRANTED**;

3. Plaintiff's pendent state law claims are **DISMISSED WITH PREJUDICE**;

---

[1] Plaintiff has noted in his objections that, "if Judge Schwab genuinely believed that [Plaintiff] failed to state sufficient facts to make out a claim for relief for conspiracy by the Defendants to violate [Plaintiff's] civil rights . . . , then under the Federal Rules of Civil Procedure and under the controlling case law, [Plaintiff] should have been granted leave to amend his complaint." (Doc. No. 111 at 7.) Mindful of Plaintiff's objection, and in the absence of a futility finding in Magistrate Judge Schwab's Report and Recommendation as to Plaintiff's Section 1983 claims, the Court will afford Plaintiff a final opportunity to file a curative amended complaint that addresses the pleading deficiencies identified in the Report and Recommendation regarding Plaintiff's claims brought under Section 1983. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (instructing that a district court afford a pro se litigant the opportunity to amend a complaint vulnerable to dismissal for failure to state a claim where amendment would not be inequitable or futile). Here, as it is unclear whether Plaintiff's Section 1983 claims are incapable of being cured by amendment, Plaintiff will be afforded thirty (30) days from the date of this Order to amend his pleading to assert a cause of action under Section 1983 against the above-captioned Defendants.

4.  Plaintiff's claims brought under 42 U.S.C. § 1983 are **DISMISSED WITHOUT PREJUDICE**;

5.  Plaintiff is granted thirty (30) days from the date of this Order to amend his pleading to state a cause of action under 42 U.S.C. § 1983 against the above-captioned Defendants. The second amended complaint must contain well-pleaded, particularized facts that give rise to a plausible inference of a conspiracy between the above-captioned Defendants and state officials, as is required to maintain a Section 1983 action against non-state actors. In addition, the second amended complaint must identify an underlying violation of Plaintiff's constitutional rights sufficient to support a Section 1983 conspiracy claim. The second amended complaint must stand by itself as an adequate complaint without any reference to his previously filed pleadings, see Young v. Keohane, 809 F. Supp. 1185 (M.D. Pa. 1992), and must otherwise comply with the Federal Rules of Civil Procedure;[2]

6.  Plaintiff's motions for an extension of time to file objections to Magistrate Judge Schwab's Report and Recommendation (Doc. Nos. 107, 110), are **DENIED AS MOOT**; and

7.  This matter is recommitted to Magistrate Judge Schwab to conduct further proceedings consistent with this Order.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[2] While Plaintiff will be permitted leave to file a second amended complaint, the Court emphasizes that Plaintiff may amend only those claims for which this Court has granted leave to amend.  Specifically, Plaintiff is instructed that he may not reassert his state law claims that have been dismissed, raise alternative theories of liability, or name new Defendants.