IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS COVIELLO, | : | |
|     Plaintiff | : | No. 1:15-cv-1812 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| THE BERKELEY PUBLISHING | : | (Chief Magistrate Judge Schwab) |
| GROUP, et al., | : | |
|     Defendants | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

    Plaintiff filed a complaint on September 17, 2015 (Doc. No. 1), asserting various state law claims sounding in defamation, invasion of privacy, and intentional infliction of emotional distress arising out of Defendants' publication of a book, THE QUIET DON, that contained a series of letters purportedly sent by Plaintiff Louis Coviello to government officials revealing that he acted as an informant against the alleged leader of a local Mafia family. (Doc. No. 1 at 3-6.) On December 11, 2015, Defendants moved to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 10). On March 16, 2016, Magistrate Judge Schwab granted Plaintiff leave to file an amended complaint, which set forth claims under 42 U.S.C. § 1983 in addition to the previously alleged state law claims, and denied Defendants' motion to dismiss as moot. (Doc. Nos. 29, 30.) On March 30, 2016, Defendants filed a motion to dismiss the amended complaint, or in the alternative, for summary judgment. (Doc. No. 33.) Plaintiff filed a motion for leave to file a second amended complaint adding a new defendant on May 25, 2016 (Doc. No. 63), which was denied on November 11, 2016 (Doc. No. 96).

    On January 19, 2017, Chief Magistrate Judge Schwab entered a Report and Recommendation, wherein she recommended that the Court grant Defendants' motion to

1

dismiss, or in the alternative, for summary judgment, on the basis that the statute of limitations had expired as to the asserted state law claims, and the amended complaint contained insufficient factual averments to support a plausible inference that the private actors named as Defendants conspired with the state through concerted action as required to maintain a viable Section 1983 cause of action. (Doc. No. 106.) On March 6, 2017, this Court adopted, over Plaintiff's objections, Chief Magistrate Judge Schwab's Report and Recommendation. (Doc. No. 115.) However, observing that the Report and Recommendation made no explicit futility finding as to Plaintiff's Section 1983 claims, the Court afforded Plaintiff a final opportunity to amend his pleading to assert a cause of action under Section 1983 against the above-captioned Defendants and recommitted the matter to Chief Magistrate Judge Schwab for further pretrial management. (Id.)

On March 20, 2017, Defendants moved for partial reconsideration of the Court's Order adopting Chief Magistrate Judge Schwab's Report and Recommendation, requesting that the Court reconsider allowing Plaintiff leave to amend his Section 1983 claims (Doc. No. 116), which this Court denied in a Memorandum and Order dated September 20, 2017 (Doc. Nos. 132, 133).[1] Following the Court's disposition of Defendants' motion for reconsideration, on October 4, 2017, Chief Magistrate Judge Schwab issued an Order directing Plaintiff to file a second amended complaint on or before October 25, 2017. Plaintiff did not file a second amended complaint within that timeframe.

Before the Court is the November 7, 2017 Report and Recommendation of Chief Magistrate Judge Schwab, recommending that the Court dismiss the above-captioned action with

---

[1] While Defendants' motion for reconsideration was pending, Plaintiff filed an appeal to the United States Court of Appeals for the Third Circuit. See Louis Coviello v. Berkley Publishing Grp., et al., 17-1885 (3d Cir. 2017). On June 6, 2018, the Third Circuit issued an order in lieu of a formal mandate dismissing Plaintiff's appeal for failure to timely prosecute pursuant to Federal Rule of Appellate Procedure 3(a).

prejudice for failure to timely file a second amended complaint.[2] (Doc. No. 134.) No timely objections have been filed. **ACCORDINGLY**, on this 29th day of June 2018, upon independent review of the record and the applicable law, **IT IS ORDERED THAT:**

1. The Court **ADOPTS** the Report and Recommendation of Chief Magistrate Judge Schwab (Doc. No. 134);

2. Plaintiff Louis Coviello's federal civil rights claims under 42 U.S.C. § 1983 asserted in his operative amended complaint (Doc. No. 30), are **DISMISSED with prejudice**; and

3. The Clerk is directed to **CLOSE** this case.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[2] While a district court must ordinarily balance the six factors enumerated in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), when evaluating whether sua sponte dismissal of an action under Federal Rule of Civil Procedure 41(b) is appropriate, the Third Circuit acknowledged in several non-precedential opinions that application of the Poulis factors is unnecessary in circumstances where the plaintiff fails to file an amended complaint in accordance with a court order, as the "litigant's conduct makes adjudication of the case impossible." Azubuko v. Bell Nat'l Org., 243 F. App'x 728, 729 (3d Cir. 2007); see also Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007) (upholding the dismissal of a pro se plaintiff's complaint with prejudice for failure to amend his complaint). Applying the Third Circuit's reasoning in Azubuko and Pruden to this case, it would appear that a balancing of the Poulis factors is unnecessary, as Plaintiff has not filed a second amended complaint, thereby rendering any future adjudication of his claims impossible. Given that these Third Circuit cases are non-precedential, however, the Court, out of an abundance of caution, additionally finds that application of the Poulis factors warrants dismissal of this action for failure to prosecute. Specifically, the fifth factor—the effectiveness of alternative sanctions—cuts against Plaintiff and in favor of dismissal, as no viable alternative to dismissal exists given the absence of an operative pleading before the Court. Furthermore, the sixth factor, instructing the Court to consider the meritoriousness of Plaintiff's claims, likewise militates towards dismissal, as Plaintiff's amended complaint was subjected to an initial screening review and was accordingly dismissed by this Court.